STATE ex rel. EMANUEL YNGVE v. PETER GRIFT and Another.[1]

October 20, 1908.

Nos. 16,037—(266).

**Certificate of Nomination.**

   *Held,* that the provision of section 214, R. L. 1905, to the effect that a
certificate of nomination of a candidate for a public office by the electors
shall state the party or political principle of the nominee, is mandatory,
and that a certificate which makes no attempt to comply with such provi-
sion is void.

Petition by relator praying for an order directing the county auditor
of Isanti county not to print upon the official ballot to be used at the
general election on November 3, 1908, the name of Joseph B. John-
son as candidate for election to the office of county superintendent of
schools. An order to show cause having been granted, the matter was
argued and the petition granted.

   *Godfrey G. Goodwin,* for relator.

PER CURIAM.

Order to show cause why the county auditor of the county of Isanti
should not be directed to omit from the official ballot the name of
respondent Joseph B. Johnson as a candidate for the office of county
superintendent of schools. The respondent claims that he is entitled
to have his name placed upon such ballot by virtue of a certificate of
nomination by the requisite number of electors of the county, pursuant
to R. L. 1905, § 213. The relator claims that such certificate of nomi-
nation is void, because it fails to comply with section 214, Id., which
provides that: "Such certificate of nomination, * * * shall con-
tain the name of the person nominated, the office for which he is nomi-
nated, the party or political principle he represents, expressed in not
more than three words, and his place of residence." It is admitted
that the certificate in this case made no attempt to state what party or
political principle the respondent represented. We have, then, the sin-
gle question whether this provision of the statute is merely directory
or mandatory.

[1] Reported in 117 N. W. 921.

The respondent relies upon the case of Davidson v. Hanson, 87 Minn. 211, 91 N. W. 1124, 92 N. W. 93, in support of his claim that the provision is directory. The case is not here in point, for the question of the sufficiency of a certificate of nomination was in no manner involved in that case. It is too obvious to justify any extended argument that the legislature intended that a person should be represented as somebody or as standing for something in the certificate of nomination. We accordingly hold that the statute in this respect is mandatory, and that the certificate in this case is not sufficient to authorize the auditor to place the name of the respondent Johnson upon the official ballot as a candidate for the office of county superintendent of schools of the county of Isanti.

It is therefore ordered that the auditor of such county refrain from so placing the name of respondent Johnson upon such ballot as a candidate for such office.